NORTHERN NEW ENGLAND
CONFERENCE, et al.

v.

The STATE OF NEW HAMPSHIRE,
et al.

No. 80–266–L.

United States District Court,
D. New Hampshire.

July 17, 1980.

Walter E. Carson, Washington, D. C., Robert V. Johnson, II, Concord, N. H., for plaintiffs.

Edward F. Smith, Atty. Gen., Concord, N. H., F. James Foley, U. S. Dept. of Justice, Washington, D. C., for defendants.

## ORDER ON MOTION TO DISMISS

LOUGHLIN, District Judge.

This is an action for injunctive relief against the State of New Hampshire, seeking to prevent the state from applying the provisions of RSA 282___the Unemployment Compensation Law to plaintiffs; and for declaratory relief against Raymond Marshall, as Secretary of Labor of the United States, so as to declare the Secretary's interpretation of Section 3309(b)(1) of the Federal Unemployment Tax Act (26 U.S.C. § 3309(b)(1)) (FUTA) violative of plaintiff's constitutional rights.

In 1976, Congress amended FUTA so that effective January 1, 1978, the exemption from FUTA coverage enjoyed by plaintiffs, 26 U.S.C. § 3309(b)(3), was removed. The Secretary advised the states by directive dated May 30, 1978 that Congress' repeal of the section 3309(b)(3) exclusion "was clearly intended to result in State coverage of church-related elementary and secondary schools". Defendant State of New Hampshire, Department of Employment Security and Benjamin C. Adams, Commissioner, Answer and Cross Claim, exhibit B, at 15.

At a hearing before this court on July 11, 1980 it was agreed by counsel for all parties that the instant action be transferred, without prejudice, to the Merrimack Superior Court.

The only issue left for this court to decide prior to transfer is the federal defendants' motion to dismiss from this action and the transfer to Merrimack County Superior Court.

No principle is more fundamental to the judiciary's proper role in our system of government than the constitutional limitation of federal-court jurisdiction to actual cases or controversies. See *Flast v. Cohen*, 392 U.S. 83, 95 [88 S.Ct. 1942, 1949, 20 L.Ed.2d 947] (1968). The concept

of standing is part of this limitation. [S]tanding "focuses on the party seeking to get his complaint before a federal court and not on the issues he wishes to have adjudicated". Id., at 99 [88 S.Ct. at 1952]. *Simon v. Eastern Ky. Welfare Rights Org.*, 426 U.S. 26 at 37–38 [96 S.Ct. 1917 at 1923–24, 48 L.Ed.2d 450] (1975).

Federal defendants argue that since state defendants' participation in the federal unemployment program is entirely voluntary, and since it is the state defendants who have promulgated RSA 282 under which plaintiffs are taxed, plaintiffs lack standing to sue federal defendants and must look to state defendants for any relief they seek.

 There can be no doubt in this district that the federal-state unemployment system is based upon voluntary state participation in response to federal financial incentives.

Petitioners argue, however, that this option of the state to refuse to participate in the program [the FUTA/federal-state unemployment program] is illusory . . . It is argued that by holding the private employers "ransom", Congress coerces compliance.

We do not agree that the carrot has become a club because rewards for conforming have increased. It is not the size of the stakes that controls, but the rules of the game. *State of New Hampshire Department of Employment Security v. Marshall*, 616 F.2d 240, 246 (1st Cir. 1980) (footnote omitted).

 Since the state's participation in the system is voluntary and the state can withdraw from the program at any time without cause, the federal defendants have neither the authority nor the means to change relevant New Hampshire laws or programs. The fact that federal defendants can set the requisites for certification of New Hampshire's participation in the system does not give federal defendants the power to mandate participation nor prevent withdrawal.

Thus plaintiffs fail to satisfy the standing requirement as set forth in *Simon v. Eastern Ky. Welfare Rights Org., supra*,

[W]hen a plaintiff's standing is brought into issue the relevant inquiry is whether . . . the plaintiff has shown an injury to himself that is likely to be redressed by a favorable decision. Absent such a showing, exercise of its power by a federal court would be gratuitous and thus inconsistent with the Article III limitation. Id., 426 U.S. at p. 38, 96 S.Ct. at p. 1924.

This decision is in accord with recent decisions by two other federal district courts on similar sets of facts. In *St. John Lutheran Church, Inc. v. Giles*, No. C–78–1516 (N.D. Ohio, January 18, 1979) the court stated

The Secretary has no power to compel the state to comply with the requirements for certification. An order against the Secretary could not redress the plaintiffs' alleged injury because the Secretary to change the state laws of which plaintiff complains. Therefore the plaintiff has no standing to assert a claim against the Secretary . . . Id., at 2.

In *North Side Church of Christ v. State of Florida*, TCA 79–97–05 (N.D.Fla., January 2, 1980) that court concurred stating

any actual relief for plaintiffs in this case could come only from the State . . . the existence of federal incentives does not create a cause of action against the Secretary of Labor . . . a judgment against the United States Secretary of Labor would not necessarily compel that redress. Id., at 2–3.

The court notes there is one federal district court which has refused to dismiss an action brought against the Secretary of Labor. *Grace Brethren Church v. State of California*, CV79–93 MRP, September 21, 1979). The issue however is not whether or not there is an ongoing harm suffered by plaintiffs but rather whether or not plaintiffs can obtain relief as against federal defendants. For the reasons stated above, plaintiffs cannot obtain relief against federal defendants.

Motion to dismiss is granted.